James P. Melendres, Bar No. 262630
jmelendres@swlaw.com
SNELL & WILMER L.L.P.
3611 Valley Centre Drive, Suite 500
San Diego, California 92130

Emily R. Parker, *pro hac vice*
eparker@swlaw.com
SNELL & WILMER L.L.P.
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone:   602.382.6000
Facsimile:   602.382.6070

Aloke Chakravarty, *pro hac vice forthcoming*
aloke.chakravarty@saul.com
SAUL EWING L.L.P.
131 Dartmouth Street
Suite 501
Boston, Massachusetts 02116
Telephone:   617.912.0949
Facsimile:   617.723.4151

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KARIM ARABI,<br><br>    Defendant. | Case No. 3:22-cr-01152-BAS-1<br><br>**REPLY IN SUPPORT OF JOINT MOTION TO QUASH RULE 17(A) SUBPOENA TO APPEAR AND TESTIFY AT TRIAL** |

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 4

II. ARGUMENT .................................................................................................. 4

    A. The Motion's Constitutional And Ethical Concerns Are In No Way Mitigated By Arabi's Response And The Proposed Line Of Questioning Would Elicit Inadmissible Hearsay ............................................. 4

    B. The Attorney Proffers are Inadmissible Under Fed. R. Evid. 401, 403, and 408. ........................................................................................................ 6

III. CONCLUSION ............................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*,
　56 F.3d 521 (3d Cir. 1995) ................................................................................. 6

*Boyd v. City of Oakland*,
　458 F. Supp. 2d 1015 (N.D. Cal. 2006) .............................................................. 6

*Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist.*,
　801 F. Supp. 2d 1023 (S.D. Cal. 2011) ............................................................... 6

*In re Gardens Reg'l Hosp. & Med. Ctr., Inc.*,
　2017 WL 2889633 (C.D. Cal. July 6, 2017) ....................................................... 7

*Macsherry v. Sparrows Point, LLC*,
　973 F.3d 212 (4th Cir. 2020) .............................................................................. 6

*Millenkamp v. Davisco Foods Int'l, Inc.*,
　562 F.3d 971 (9th Cir. 2009) .............................................................................. 6

*U.S. v. Bergeson*,
　425 F.3d 1221 (9th Cir. 2005) ............................................................................ 5

*U.S. v. DaVita Inc.*,
　2022 WL 833368 (D. Colo. 2022) ...................................................................... 7

*U.S. v. Valencia*,
　826 F.2d 169 (2nd Cir. 1987) ............................................................................. 5

## I. INTRODUCTION

Non-Party Ziad Mansour ("Mr. Mansour") and his attorney Aloke Chakravarty ("Mr. Chakravarty") hereby submit this reply in support of their *Joint Motion to Quash Rule 17(a) Subpoena to Appear and Testify at Trial* (the "Motion"). The Court should deny Defendant Karim Arabi's ("Arabi's") extraordinary request to compel Mr. Chakravarty to appear and testify at trial regarding two telephonic attorney proffers Mr. Chakravarty and his co-counsel, James Melendres ("Mr. Melendres") (collectively, "Mr. Mansour's counsel") made to the government on behalf of Mr. Mansour (the "Attorney Proffers").[1] *See* ECF 335 at 2. Arabi's Opposition to the Motion (the "Response") does not point to a single case in which a court has permitted an attorney to testify in these circumstances and he does not even attempt to distinguish the many cases cited in the Motion denying requests that counsel testify regarding attorney proffers. Further, none of the serious constitutional, ethical, or evidentiary concerns, or the irrelevance and confusion created by a statement of hypothetical and non-attributed testimony, raised in the Motion are adequately addressed in Arabi's Response. Thus, Mr. Mansour and Mr. Chakravarty respectfully request that the Court grant their Motion and quash the subpoena in its entirety under Rule 17(c)(2).

## II. ARGUMENT

### A. The Motion's Constitutional And Ethical Concerns Are In No Way Mitigated By Arabi's Response And The Proposed Line Of Questioning Would Elicit Inadmissible Hearsay

Arabi intends to elicit testimony concerning "the integrity and thoroughness of the government's investigation," including what the government "failed to ask" during the Attorney Proffers, and contends that this line of questioning simply "could not" impair Mr. Mansour's attorney-client relationship or constitutional rights, or Mr. Chakravarty's ethical duties, because Arabi would simply be asking about "topics into which the government did *not* inquire." Resp. at 2-3. This position rests on an assumption Arabi may not want to test,

---

[1] While Arabi references anticipated testimony by James Melendres, Mr. Melendres has not been served with a trial subpoena, and, therefore, will not appear at the trial.

- 4 -

especially if Mr. Mansour's counsel had already proffered about this topic, and his proposed line of questioning would require Mr. Chakravarty to provide context about affirmative statements Mr. Mansour's counsel made during the Attorney Proffers. Further, the Response does nothing to substantively address the constitutional, ethical, and evidentiary reasons the subpoena should be quashed and, therefore, his argument fails for multiple reasons.

First, while Arabi makes sweeping conclusions that the testimony he seeks to elicit from Mr. Chakravarty will not impair Mr. Mansour's attorney-client relationship, undermine Mr. Mansour's Fifth or Sixth Amendment rights, or impair Mr. Chakravarty's ethical duties, he provides <u>no</u> authority to support this position. Nor does Arabi even attempt to address the controlling and uniform legal authority cited in the Motion, in which courts refused to permit testimony by attorneys regarding statements they made to prosecutors on behalf of their client. *See, e.g., U.S. v. Bergeson*, 425 F.3d 1221 (9th Cir. 2005); *U.S. v. Valencia*, 826 F.2d 169 (2nd Cir. 1987).

Second, Arabi states that he intends to elicit testimony from Mr. Chakravarty about the government's purported failure to inquire into "critical subjects" (plural), but only names one subject—that "the December 2023 Summary suggests the government failed to ask whether Mr. Mansour was aware of Dr. Arabi's connection to Abreezio before its acquisition of Qualcomm." *Id.* at 2. Because it is unknown what other "critical subjects" Arabi intends to probe during Mr. Chakravarty's proposed testimony, and it is clear he has not disclosed them to the government, Mr. Mansour's counsel, nor the Court so they can be appropriately litigated before calling Mr. Chakravarty as a live witness, all the concerns raised in the Motion apply with full force.

Third, Arabi's proposed line of questioning would elicit inadmissible hearsay. Despite Arabi's assertions to the contrary, questioning Mr. Chakravarty about what the government did and did not ask Mr. Mansour's counsel during the Attorney Proffers will require Mr. Chakravarty to provide testimony about affirmative statements made by the government's counsel, to the extent that he recalls, and in any event, by Mr. Mansour's

- 5 -

1  counsel during the Attorney Proffers. The statements made during the Attorney Proffers
2  were not based on Mr. Chakravarty's personal knowledge; Mr. Chakravarty does not have
3  personal knowledge of any conduct related to the allegations or the government's
4  investigative steps in the Superseding Indictment. Rather, the only knowledge Mr.
5  Chakravarty has is based on his representation of Mr. Mansour. This, in turn, bars Mr.
6  Chakravarty's testimony under the rule against hearsay. *See Boyd v. City of Oakland*, 458
7  F. Supp. 2d 1015, 1023 (N.D. Cal. 2006) ("The matters must be known to the declarant
8  personally, *as distinguished from matters of opinion or hearsay*." (emphasis added)).

### B. The Attorney Proffers are Inadmissible Under Fed. R. Evid. 401, 403, and 408.

Notwithstanding the government's representation to the Court that the Attorney Proffers were made "to forestall [Mr. Mansour's] indictment" (ECF 335 at 2), Arabi argues that Rule 408 (which protects statements made during compromise negotiations) does not apply to the Attorney Proffers, because there was "no disputed claim that was being negotiated or considered for a compromise of any kind," and "[n]o exchange of consideration was contemplated." Resp. at 3-4. Again, Arabi does not cite any authority (legal or factual) to support his position.

It is long settled that "litigation need not have commenced for Rule 408 to apply." *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 527 (3d Cir. 1995); *see also Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971, 980 (9th Cir. 2009) (holding trial court should have excluded pre-suit settlement correspondence under Rule 408). Rather, "a dispute exists for purposes of Rule 408(a) so long as there is an actual dispute or difference of opinion regarding a party's liability[.]" *Macsherry v. Sparrows Point, LLC*, 973 F.3d 212, 222 (4th Cir. 2020) (internal quotations and citations omitted); *see also Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist.*, 801 F. Supp. 2d 1023, 1030 (S.D. Cal. 2011) ("Rule 408 has been interpreted as applicable to 'an actual dispute, or at least an apparent difference of view between the parties concerning the validity or amount of a claim.'" (quoting *Affiliated Mfrs., Inc.*, 56 F.3d at 526)). Clearly, at the time of the Attorney Proffers,

- 6 -

there existed a difference of opinion as to Mr. Mansour's liability because the government considered Mr. Mansour to be a co-conspirator of Arabi and was contemplating an indictment, while they also said that Mr. Mansour's counsel proffered that Mr. Mansour was not a member of the conspiracy. *Compare* ECF 335 at 2 ("Among other things, Melendres and Chakravarty proffered that . . . Mansour was not a member of a conspiracy to defraud Qualcomm."); *with id.* at 2 (describing Mr. Mansour as "Dr. Arabi's co-conspirator" and stating that the Attorney Proffers were made "to forestall [Mr. Mansour's] indictment."). Thus, a "dispute" clearly existed under Rule 408.

Moreover, while Arabi contends that the Attorney Proffers cannot be protected as "compromise negotiations" under Rule 408 because "[n]o exchange of consideration was contemplated" (Resp. at 3), a meeting does not need to include specific monetary offers to qualify as "compromise negotiations." *See In re Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 2017 WL 2889633, at *5 (C.D. Cal. July 6, 2017) ("Even if the [parties'] conversations did not include specific settlement offers, the Court finds that the conversations would still qualify as 'compromise negotiations' within the meaning of FRE 408."). "[T]he question under the rule is whether the statements or conduct were intended to be part of the negotiations toward compromise." *Id.* Attorney proffer sessions are a form of compromise negotiation; on behalf of his client an attorney offers information to the government in furtherance of a compromise, whether that be the government's decision not to press charges, to drop charges, to pursue lower charges, or the like. *See U.S. v. DaVita Inc.*, 2022 WL 833368, at *4 (D. Colo. 2022) ("The attorney approached the government on his or her client's behalf and related what the attorney understood to be the witness's version of events, presumably hoping to gain some benefit for the client.").

The Court would also be well within its discretion to find that the testimony is inadmissible under Rules 401 and 403. Whether the Assistant United States Attorney prosecuting Arabi asked Mr. Mansour's counsel about certain "critical subjects" has no bearing on any fact actually at issue in Arabi's case, especially because the Attorney Proffers were a hypothetical preview of what Mr. Mansour's counsel believed he would

say; were provided without prejudice; and, because Mr. Mansour's counsel was advocating for him, those statements should not be attributable to Mr. Mansour. *See* ECF 347-1 (A. Chakravarty Declaration) at ¶ 5. It is completely untethered to the issues to be decided by the jury. Moreover, even if the testimony were probative of something relevant, it would be far outweighed by the risk of confusion and misleading the jury and is thus inadmissible under Rule 403. Thus, the Federal Rules of Evidence preclude the testimony Arabi seeks to elicit at trial.

### III.     CONCLUSION

For the reasons discussed above, and in the Motion, the Subpoena is unreasonable and oppressive and should be quashed in its entirety pursuant to Rule 17(c)(2). Finally, it would be highly improper to simply address these concerns "during questioning, as they arise." Resp. at 4. Given the risks of a sideshow where the jury would have to consider if and how the testimony about hypothetical testimony was relevant to any issue they had to decide, and all the constitutional rights, ethical obligations, and evidentiary issues endangered by Arabi's request, the Motion should be resolved well in advance of the defense case.

Dated: March 7, 2025                                                SNELL & WILMER L.L.P.

By: *s/ James P. Melendres*
James P. Melendres
Emily R. Parker

-and-

SAUL EWING L.L.P.
Aloke Chakravarty

**PROOF OF SERVICE**

On March 7, 2025, I served the foregoing document(s) described as:

**REPLY IN SUPPORT OF JOINT MOTION TO QUASH RULE 17(A) SUBPOENA TO APPEAR AND TESTIFY AT TRIAL**

on the interested parties in this action as stated below:

Whitney Z. Bernstein
Rebecca S. Roberts
Ryan Vaughan Fraser
BIENERT KATZMAN LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
wbernstein@bklwlaw.com
rroberts@bklwlaw.com
rfraser@bklwlaw.com
*Attorneys for Dr. Karim Arabi*

Nicholas W. Pilchak
Janaki G. Chopra
Eric R. Olah
ASSISTANT U.S. ATTORNEYS
880 Front Street, Room 6293
San Diego, CA 92101
nicholas.pilchak@usdoj.gov
janaki.chopra@usdjo.gov
eric.olah@usdoj.gov
*Attorneys for the United States*

[**X**]   BY E-MAIL OR ELECTRONIC TRANSMISSION: I served the persons at the e-mail addresses listed above.

Executed on March 7, 2025.

  */s/ Emily R. Parker*

- 9 -